**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elaine Sandoval,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>   Defendant. | No. CV-09-01931-PHX-NVW<br><br>**ORDER** |

Before the Court is "Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A)." (Doc. 20.) The Court will grant the motion but order payment of attorneys fees and costs directly to Plaintiff Elaine Sandoval.

### I.  Legal Standard

On a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), a prevailing party is entitled to attorney's fees "unless th[is] court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the government's "position" includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). Here, then, it includes the ALJ's decision and the Commissioner's arguments to this Court in defense of the ALJ's decision. However, it does not include "issues raised by the plaintiff but not addressed by the district

court" in its remand order. *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010).

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

## II. Background

Sandoval applied for disability benefits largely based on severe depression. She was denied at the various stages of the disability process, culminating in an unfavorable ALJ decision that Sandoval appealed to this Court. In September 2010, this Court vacated the ALJ decision for various reasons (discussed as necessary below) and remanded with instructions that the ALJ revisit certain issues.

Sandoval's attorney, Stephanie Lake, has now moved for attorney's fees and costs under the EAJA. Lake requests $5,236.10 in fees, representing 30.4 hours of work at the rate of $172.24 per hour; and $350 in court costs, representing the District Court filing fee. The Commissioner filed an opposition to Lake's request, arguing that this case does not merit an EAJA award. But should this Court conclude otherwise, the Commissioner does not dispute the amount Lake claims. The Commissioner disputes only whether the award should go to Lake or to Sandoval. Lake did not file a reply in support of her motion.

## III. Analysis

### A. The Commissioner's Position Was Not Substantially Justified

The parties do not dispute that Sandoval is a "prevailing party" for purposes of the EAJA. The question, then, is whether the ALJ's decision and the Commissioner's defense of that decision in this Court was substantially justified.

This Court reversed the ALJ for a number of reasons, but the Court will focus only on one such reason here, specifically, the ALJ's reasons for discrediting Sandoval's subjective testimony about the severity of her depression.

If an ALJ concludes that the claimant's symptom testimony is not credible, the ALJ must "make[] specific findings stating clear and convincing reasons for doing so. The ALJ

must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). This has been the law in the Ninth Circuit for over twenty years. *See Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989) ("The [ALJ]'s reasons for rejecting excess symptom testimony must be clear and convincing if medical evidence establishes an objective basis for some degree of the symptom and no evidence affirmatively suggests that the claimant was malingering."). Yet the Commissioner's failure to follow it — or to take it seriously — remains one of the most frequently noticed errors both in precedential[1] and non-precedential[2] decisions.

Here, the ALJ discredited Sandoval's testimony because Sandoval "had no significant limitations in her ability to care for her daughter, her apartment, and her finances." This fails the "clear and convincing" standard, and it further contradicts established Ninth Circuit precedent holding "that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. . . . Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). On remand, the ALJ may find that Sandoval's "level of activity [is] inconsistent with [her] claimed limitations." If the ALJ supports that finding with clear and convincing reasons, this Court would likely be

---

[1] *See, e.g.*, *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036–40 (9th Cir. 2007); *Webb v. Barnhart*, 433 F.3d 683, 687–88 (9th Cir. 2005); *Robinson v. Barnhart*, 469 F. Supp. 2d 793, 799–802 (D. Ariz. 2006); *Bergfeld v. Barnhart*, 361 F. Supp. 2d 1102, 1115 (D. Ariz. 2005).

[2] *See, e.g.*, *Stillwater v. Comm'r*, 361 F. App'x 809, 811–12 (9th Cir. 2010); *Whitehorn v. Astrue*, 321 F. App'x 679, 681 (9th Cir. 2009); *Page v. Comm'r*, 304 F. App'x 520, 522 (9th Cir. 2008); *Wright v. Astrue*, 234 F. App'x 750, 751 (9th Cir. 2007); *Rochin v. Barnhart*, 204 F. App'x 601, 602–03 (9th Cir. 2006); *Shafer v. Barnhart*, 120 F. App'x 688, 696 (9th Cir. 2005); *Barry v. Astrue*, No. CV-09-1677-PHX-NVW, 2010 WL 3168630, at *10 (D. Ariz. Aug. 10, 2010); *Romero v. Astrue*, No. CIV 08-544-TUC-CKJ, 2009 WL 4693914, at *12–13 (D. Ariz. Dec. 4, 2009); *White v. Astrue*, No. CV-07-2202 PHX-DGC, 2008 WL 2687097, at *2 (D. Ariz. July 2, 2008)

required to uphold it. But the ALJ had an obligation to state clear and convincing reasons the first time, and failed to do so. That failure would been sufficient on its own to merit the remand that this Court ordered, and it was not substantially justified.

### B. The EAJA Award Belongs to the Claimant

The Supreme Court recently held that the fees awarded under the EAJA must be paid to the claimant, not the attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). The Commissioner therefore requests that, should this Court award fees, it do so directly to Sandoval. Sandoval has not challenged this argument, and this Court's independent review has uncovered no reason why *Ratliff* does not control in this case. The Court will therefore award fees and costs directly to Sandoval. Whether Sandoval has assigned that award to her attorney is a matter for Sandoval and her attorney to resolve.

IT IS THEREFORE ORDERED that "Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A)" (Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff Elaine Sandoval in the amount of $5,586.10 to (representing $5,236.10 in attorney's fees and $350 in costs) against Defendant, with interest at the federal judgment rate from the date of entry of judgment.

DATED this 10th day of March, 2011.

_____
Neil V. Wake
United States District Judge